IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

JAVONN BARNES,

                      Plaintiff,

      -vs-

SANTANDER CONSUMER USA, INC.,
et al.,

                      Defendants.

: CASE NO. 1:14cv01941
:
:
: <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER DENYING THE DEFENDANT'S</u>
: <u>MOTION TO DISMISS</u>

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Before the Court is the defendant's motion to dismiss the first amended complaint for failure to state a claim upon which relief can be granted. The plaintiff has filed a brief in opposition, and the defendant has replied. For the reasons that follow, the Court will deny the motion.

    The plaintiff alleges that the defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, when it called the plaintiff's cellular phone, without her consent, by using an automatic dialing system ("ATDS"). The defendant maintains that the claim, as pled, is not plausible and should be dismissed, because the complaint does not include the specific cellular telephone numbers which the defendant allegedly

called. To survive a motion to dismiss under Twombley/Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The Court is not persuaded that a plaintiff's TCPA claim is made implausible simply because the complaint does not include the specific phone numbers which the defendant allegedly called. And, in this case, the complaint *does* state the plaintiff's phone numbers, though in redacted form, and, certainly, as this matter progresses, the defendant will be apprised of the unredacted versions of the phone numbers through an exchange of discovery. In this regard, the Court agrees with the reasoning of another district court that was faced with the same issue:

> The Court acknowledges a defendant's need to receive notice, but it rejects the notion that a pleading informing a defendant of the plaintiff's identity, offering allegations concerning defendant's use of an ATDS, and presenting other factual allegations regarding the nature and placement of the calls nonetheless fails to give defendant proper notice of the conduct charged simply because defendant has to avail itself of the tools of discovery to ascertain the plaintiff's telephone number. The Court is thus unwilling to extend the pleading requirement as Defendant requests, because the absence of a plaintiff's telephone number from the pleadings does not detract from the TCPA claim's plausibility and does not prevent a court from drawing "the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Crawford v. Target Corp., No. 3:14-CV-0090-B, 2014 WL 5847490, at *4 (N.D. Tex. Nov. 10, 2014):

Consistent with Crawford, this Court concludes that the plaintiff's TCPA claim is sufficiently pled under Iqbal/Twombley, in the absence of the specific telephone

2

numbers at issue. The TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1). In this instance, the plaintiff alleges that in 2013 the defendant began calling her three cell phones in an effort to collect a debt allegedly owed by the plaintiff's ex-boyfriend, Mark Durgan. The plaintiff acknowledges that Mr. Durgan provided the phone numbers to the defendant, but she maintains that the defendant did not have her consent to place the calls. And she alleges that upon answering the calls, she was met with a period of silence before being transferred to one of defendant's representatives. The plaintiff alleges that this period of silence is indicative of an automatic dialer. These allegations provide fair notice of the claims against the defendant, and the plaintiff's TCPA claim is sufficiently pled.

For the reasons stated above, the defendant's motion to dismiss is denied.

IT IS SO ORDERED.

Date: June 15 2015

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE